# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1962V

| | |
|---|---|
| JOHN M. DECKER,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: October 20, 2025 |

*Mark Peyser Friedlander, Jr.*, Friedlander & Friedlander, P.C., McLean, VA, for Petitioner.

*Jay Travis Williamson*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 7, 2023, John M. Decker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome as a result of an influenza vaccine administered on November 15, 2022. Petition, ECF No. 1. On June 12, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 27.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $22,623.75. Application for Attorneys' Fees and Costs ("Motion") filed July 24, 2025, ECF No. 31. Furthermore, counsel for Petitioner represents that no costs are being claimed herein, and Petitioner incurred no personal costs in this case. ECF No. 31 at 1.

Respondent reacted to the motion on July 25, 2025, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 32. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests that I apply the hourly rate of $625.00 for work performed by his attorney, Mark Peyser Friedlander, Jr., for all time billed in the 2023-25 timeframe, and the hourly rate of $200.00 for work performed by his paralegal in the same period. However, for work performed in the 2020-23 timeframe, Mr. Friedlander was previously awarded the *lesser* rate of $425.00. and $175.00 for paralegal work. See *Dacurawat* v. *Sec'y of Health & Hum. Servs.,* No. 21-1389V, 2023 WL 4311236 (Fed. Cl. Spec. Mstr. May 31, 2023). I find no reason to deviate from these determinations, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs*., No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce Mr. Friedlander and his assistant's hourly rates to be consistent with *Dacurawat*.

Additionally, this appears to be Mr. Friedlander's third Vaccine Act case to reach the fees stage. His proposed rate of $625.00 for 2024-25 is therefore excessive based on the hourly rate increases that I would normally allow for similarly-situated Program attorneys with comparable level of experience. Rather, based on my experience applying the factors[3] relevant to determining proper hourly rates, I hereby award Mr. Friedlander $450.00 for 2024, and $475.00 for 2025, reflecting a more reasonable increase of $25.00 per year. Application of the foregoing rates results in an overall Fees reduction of **$5,300.00**.[4]

## ATTORNEY COSTS

Although Petitioner's counsel did not submit documentation for any costs incurred in this matter, it is clear the $402.00 filing fee was paid in this case as evidenced by the case docket. As such, I hereby award that sum.

---

[3] *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] This amount consists of reducing Mr. Friedlander and his assistant's hourly rates - calculated as follows: ($625.00 - $425.00 = $200.00 x 8.05 hours billed by attorney in 2023) + $625.00 - $450.00 = $175.00 x 11.30 hours billed by attorney in 2024) + ($625.00 - $475.00 = $150.00 x 6.75 hours billed by attorney in 2025) + ($200.00 - $175.00 = $25.00 x 28.00 hours billed by his assistant in 2023-24) = $5,300.00

3

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $17,725.75 (representing $17,323.75 in fees plus $402.00 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.